**FILED**

IN THE UNITED STATES DISTRICT COURT  JUL 1 4 2005
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. **05C 4064** |
| Plaintiff, ) | |
| ) | |
| v. ) | **JUDGE RONALD GUZMAN** |
| ) | |
| COLUMBIA HOUSE COMPANY, ) | |
| ) | **MAGISTRATE JUDGE VALDEZ** |
| Defendant. ) | |

**COMPLAINT FOR CIVIL PENALTIES,
PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its Complaint alleges as follows:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, as amended by 68 Fed. Reg. 4580, 4669 (January 29, 2003).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a). This action arises under 15 U.S.C. § 45(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) - (c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANT

4. Defendant Columbia House Company ("Columbia House") is a New York general partnership with its principal place of business located at 1221 Avenue of the Americas, New York, New York 10020. Columbia House is a seller and telemarketer of music, video, and DVD home entertainment products that initiates, or causes others to initiate on its behalf, outbound telephone calls to consumers to induce the purchase of its goods or services. Columbia House transacts or has transacted business in this District.

## THE TELEMARKETING SALES RULE AND THE NATIONAL DO NOT CALL REGISTRY

5. Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, in 1994. On August 16, 1995, the FTC adopted the Telemarketing Sales Rule (the "Original TSR"), 16 C.F.R. Part 310, which became effective on December 31, 1995. On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose and the final amended TSR (the "Amended TSR"). 68 Fed. Reg. 4580, 4669.

6. Among other things, the Amended TSR established a "do-not-call" registry, maintained by the Commission (the "National Do Not Call Registry" or "Registry"), of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at www.donotcall.gov.

7. Consumers who receive telemarketing calls to their registered numbers can complain of Registry violations the same way they registered, through a toll-free telephone call or over the Internet at www.donotcall.gov, or by otherwise contacting law enforcement authorities.

8. Since October 17, 2003, sellers and telemarketers have been prohibited from calling numbers on the Registry in violation of the Amended TSR. 16 C.F.R. § 310.4(b)(1)(iii)(B).

9. Since December 31, 1995, sellers and telemarketers have been prohibited from initiating an outbound telephone call to any person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered. 16 C.F.R. § 310.4(b)(1)(iii)(A).

10. Since September 2, 2003, sellers, telemarketers, and other permitted organizations have been able to access the Registry over the Internet at www.telemarketing.donotcall.gov to download the registered numbers.

11. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the

3

FTC Act, 15 U.S.C. § 45(a).

## DEFENDANT'S BUSINESS ACTIVITIES

12. Columbia House is a "seller" or "telemarketer" engaged in "telemarketing," as defined by the Amended TSR, 16 C.F.R. § 310.2. Columbia House has engaged in telemarketing by a plan, program, or campaign conducted to induce the purchase of goods or services by use of one or more telephones and which involves more than one interstate telephone call.

13. Columbia House is a seller of music, video, and DVD home entertainment products to consumers. Columbia House initiates, or causes others to initiate on its behalf, outbound telephone calls to consumers in the United States to induce the purchase of its goods or services.

14. Columbia House markets and sells its home entertainment products to consumers through a series of home entertainment clubs, including its DVD club, its video club, and its music clubs. Consumers who join one of Defendant's clubs generally receive a number of DVDs, videos, or CDs at a reduced price in return for undertaking the obligation to purchase a designated number of additional DVDs, videos, or CDs at regular club prices over the next two years.

15. In most instances, club members receive regular mailings from Columbia House that include a negative option offer. In those regular club mailings, featured products offered to club members will be sent automatically unless club members exercise the negative option by informing Columbia House that they do not wish to receive the featured selection.

4

16. Club members are not permitted to cancel their club memberships until they have purchased the required number of DVDs, videos, or CDs. Even after consumers make the required number of purchases, however, they are still considered to be club members, and thus they continue to receive regular negative option mailings, until they affirmatively cancel their club memberships. Absent cancellation, membership agreements purport to continue indefinitely. Under the terms of those agreements, club members may only cancel their memberships after all purchase obligations have been satisfied, and only by calling a toll-free telephone number or by accessing the Columbia House web site.

17. In most instances, Columbia House does not contact new prospective customers by telephone. Instead, Columbia House's telemarketing campaigns are directed only to those consumers who are existing or former members of one of the Columbia House home entertainment clubs. In its telemarketing campaigns, Columbia House generally solicits existing members to purchase additional products or services, and it solicits former members to re-enlist in one of its clubs.

18. Columbia House registered to access the National Do Not Call Registry in September 2003, and paid to access all area codes in the United States. Since registering, Columbia House or its agents have regularly accessed the Registry.

19. On or after October 17, 2003, Columbia House called, or caused others to call on its behalf, telephone numbers that are on the National Do Not Call Registry. Under the Amended TSR, Columbia House is permitted to call numbers on the Registry that belong to consumers with whom it has an "established business relationship," unless the consumer has stated that he or she does not wish to receive calls from Columbia House. 16 C.F.R. § 310.4(b)(1)(iii)(B)(*ii*).

An "established business relationship" means, among other things, "a financial transaction between the consumer and seller, within the eighteen (18) months immediately preceding the date of a telemarketing call." 16 C.F.R. § 310.2(n)(1). In numerous instances, Columbia House did not have an "established business relationship" under the Amended TSR with the consumers who were called.

20. Between October 17, 2003, and March 31, 2004, tens of thousands of calls were made on Columbia House's behalf to telephone numbers on the Registry where Columbia House did not have an "established business relationship" with the consumer who was called, in violation of the Amended TSR.

21. On or after December 31, 1995, Defendant called, or caused others to call on its behalf, consumers who have previously stated that they do not wish to receive calls made by or on behalf of Columbia House.

22. Columbia House maintains a list of those consumers who have previously stated that they do not wish to receive telephone calls made by or on behalf of Columbia House. Columbia House has implemented procedures to attempt to insure that such consumers do not receive additional calls. However, those procedures were not sufficient to prevent the calls alleged in Paragraph 21.

23. At all times relevant to this complaint, Defendant has maintained a substantial course of trade or business in the offering for sale and sale of goods or services via the telephone, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

### Count I
### Violating The National Do Not Call Registry

24. In numerous instances, in connection with telemarketing, Defendant engaged in, or caused others to engage in, initiating an outbound telephone call to a person's telephone number on the National Do Not Call Registry, in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

### Count II
### Entity-Specific Do Not Call Requests

25. In numerous instances, in connection with telemarketing, Defendant engaged in, or caused others to engage in, initiating an outbound telephone call to a person who has previously stated that he or she does not wish to receive such a call made by or on behalf of the seller whose goods or services are being offered, in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(A).

## CONSUMER INJURY

26. Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

27. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

28. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by

Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to award monetary civil penalties of not more than $11,000 for each violation of the TSR. Defendant's violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

29. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the TSR and the FTC Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A) and 53(b), and pursuant to its own equitable powers:

1. Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint;

2. Award Plaintiff monetary civil penalties from Defendant for every violation of the TSR;

3. Permanently enjoin Defendant from violating the TSR and the FTC Act;

4. Order Defendant to pay the costs of this action; and

5. Award Plaintiff such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

PETER D. KEISLER
Assistant Attorney General
Civil Division
U.S. Department of Justice


PATRICK J. FITZGERALD
United States Attorney

DATED: July 14, 2005

*Thomas Walsh*

Assistant U.S. Attorney
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300 [Phone]
(312) 353-2067 [Fax]

Of Counsel:

C. STEVEN BAKER
Director
Federal Trade Commission
Midwest Region


TODD M. KOSSOW
THERESA M. McGREW
Attorneys
Federal Trade Commission
55 East Monroe Street, Suite 1860
Chicago, Illinois 60603
(312)960-5634 [Phone]
(312)960-5600 [Fax]

EUGENE M. THIROLF
Director
Office of Consumer Litigation

*Elizabeth Stein*

ELIZABETH STEIN
Trial Attorney
Office of Consumer Litigation
U. S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0486 [Voice]
(202) 514-8742 [Fax]

9